IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL AUTOMOTIVE PARTS ASSOCIATION, a not-for-profit Michigan Corporation,   )))) | |
| Plaintiff,   ) | NO: 15-cv-5618 |
| )  v.   )) | JURY DEMANDED |
| AUTO CARS IMPORTS, LTD., an Illinois corporation, and STEVEN VAGO, an Individual,   )))) | |
| Defendants.   )) | |

## COMPLAINT

Plaintiff National Automotive Parts Association ("NAPA"), through its counsel, hereby files its Complaint against Defendants Auto Cars Imports, Ltd. and Steven Vago (collectively, "Defendants"), and for its causes of action alleges as follows:

## PARTIES

1. Plaintiff NAPA is a Michigan nonprofit member corporation. Genuine Parts Company ("GPC") is the sole member of NAPA and is the exclusive licensee of all NAPA trademarks. GPC's headquarters are located in Atlanta, Georgia.

2. Defendant Auto Cars Imports, Ltd. ("Auto Cars Imports") is an Illinois corporation with its principal place of business in Illinois and doing business in Cook County, Illinois. Auto Cars Imports operates an automotive repair shop business in Northbrook, Illinois.

3. Defendant Steven Vago ("Vago") is the president and owner of Auto Cars Imports. Upon information and belief, Vago is a resident of Illinois. Vago manages Auto Cars

Imports's operations in Northbrook and actively participated and continues to participate in the wrongful conduct alleged herein.

## JURISDICTION AND VENUE

4. This case is a civil action arising under the Lanham Act, 15 U.S.C § 1051, *et seq*. The Court has subject matter jurisdiction of this action pursuant to 15 U.S.C § 1121 and 28 USC § 1331.

5. This Court has personal jurisdiction over Defendants as Defendants are residents of Illinois.

6. Venue is proper in this district pursuant to 28 U.S.C. 1391(b) because the acts giving rise to this cause of action occurred in substantial part in this district.

## GENERAL ALLEGATIONS

7. For more than 80 years, the NAPA® brand has been associated with the highest quality of automotive parts and services throughout the United States, including Cook County, Illinois. Through the efforts of NAPA and GPC, NAPA® auto parts are distributed and sold nationwide under the NAPA® brand using NAPA's federally registered trademarks.

8. NAPA and GPC have invested and continue to invest significant resources in cultivating and preserving the distinctiveness and prestige of the NAPA® brand, by, *inter alia*, filing for and receiving federal registration for its trademarks. NAPA is the owner and GPC is the exclusive licensee of the following United States Trademark Registration Nos.: Registration No. 2634652 (NAPA AUTOCARE CENTER with miscellaneous designs); Registration No. 1613323 (NAPA AUTOCARE CENTER, no image); Registration No. 72247246 (NAPA, no image); Registration No. 858745 (NAPA, with image); Registration No. 858805 (NAPA, with image), among others (collectively, the "NAPA Marks"). Copies of the certificates of federal

registrations for the NAPA Marks specifically identified above are attached hereto as collective **Exhibit A**.

9. To further capitalize upon and cultivate the NAPA® brand and goodwill generate thereby, NAPA and GPC developed the NAPA® AutoCare program for selected automotive repair businesses that meet certain requirements. Members of this program are entitled to use NAPA resources and NAPA suppliers for technical training, inventory management, and advertising support. Members are also provided a revocable, non-exclusive license to use certain NAPA Marks. In exchange for access to those resources and license, members must pay an annual membership/license fee and complete annually an "Enrollment Form" and "Participant Agreement" containing the terms and conditions of membership. This agreement provides that a participating business's license to use NAPA Marks terminates immediately upon the member's termination from the NAPA AutoCare Program.

10. In 2011, Defendants completed an Enrollment and Participant Agreement ("Participant Agreement"), a copy of which is attached hereto as **Exhibit B**, and paid the annual license/membership fee to become a member of the NAPA AutoCare Program. In the Participant Agreement, Defendants agreed "that should [its] business be terminated from the NAPA AutoCare Program by [itself], [its] servicing NAPA AUTO PARTS Store or any other means, [it] will comply with the termination requirements…and will cease from using all NAPA Marks in any way."

11. Defendants renewed their enrollment in the NAPA AutoCare Program in 2012, 2013, and 2014 by properly filing the required annual fee.

12. In 2015, Defendants did not pay the annual membership/license fee in order to remain a member of the NAPA AutoCare Program. Accordingly, Auto Cars Imports's

membership in the NAPA AutoCare Program and license to use the NAPA Marks terminated as of January 1, 2015, and, at that time, Defendants were required to immediately cease and desist from any further use of the NAPA Marks.

13. Defendants are continuing to use the NAPA Marks in violation of NAPA's trademark rights and the Participant Agreement.

14. Defendants' continued use of the NAPA Marks, including on store signage and on Defendants' website, is causing or is likely to cause actual confusion among customers.

15. Counsel for GPC have repeatedly contacted Defendants and demanded that they remove the infringing signage from Defendants' business property. For example, on May 19, 2015, counsel for GPC sent a letter to Vago demanding that he and Auto Cars Imports immediately discontinue use of the NAPA Marks. A copy of this letter is attached hereto as **Exhibit C**. These demands have been rendered futile as Defendants continue to use the NAPA Marks on signage, online, and possibly in other contexts as well.

## COUNT I – TRADEMARK INFRINGEMENT

16. Plaintiff incorporates all of the allegations set forth in paragraphs 1-16 as though fully set forth herein.

17. Defendants' conduct described above constitutes use in commerce of the NAPA Marks. Such use is a reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such is likely to cause confusion, or to cause mistake, or to deceive, in violation of the Lanham Act, 15 USC § 1114.

18. Defendants are liable for infringement of the NAPA Marks under Section 32 of the Lanham Act.

4

19. Plaintiff has suffered damages as a result of Defendants' infringement in an amount to be proven at trial.

20. Defendants' conduct is causing, and will continue to cause, irreparable harm to NAPA and its affiliated companies and licensees unless the Court grants injunctive relief. Plaintiff is entitled to preliminary and permanent injunctive relief: (1) to require Defendants to remove all signage and other material containing the NAPA Marks, or any confusingly similar marks, from their business property; (2) to enjoin Defendants from any further use of the NAPA Marks, or any confusingly similar marks, in any matter whatsoever; and (3) to require Defendants to file with the Court and serve on the Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

21. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and award:

    a. Preliminary and permanent injunctive relief as set forth above;

    b. Actual damages;

    c. Lost profits;

    d. Treble damages pursuant to 15 USCS § 1117(b)(1);

    e. Costs;

    f. Attorneys' fees;

    g. Pre-judgment and post-judgment interest at the maximum amount permitted by law;

    h. Statutory damages, if Plaintiff so elects;

    i. And any and all other relief this Court deems just and equitable.

## COUNT II – BREACH OF LICENSE AGREEMENT

22. Plaintiff incorporates the allegations set forth in paragraphs 1-22 as though fully set forth herein.

23. The Participant Agreement required Defendants to immediately stop all use of any of the NAPA Marks upon termination of Auto Cars Imports's membership in the NAPA AutoCare Program. Its membership terminated in 2015.

24. As described above, in breach of the Participant Agreement, Defendants have deliberately continued to use the NAPA Marks in connection with its automotive repair business.

25. Defendants' intentional breach of the clear and unambiguous provisions of the Participant Agreement and repeated refusal to comply with the same is evidence of malice, wantonness and oppression.

26. Plaintiff is entitled to monetary damages resulting from Defendants' breach of the Participation Agreement in an amount to be determined at trial.

27. Plaintiff is entitled to an injunction preventing Defendants from further breach of the Agreement.

28. Pursuant to the express provisions of the Participant Agreement, Plaintiff is entitled to all of its attorneys' fees incurred in enforcing the agreement and any other monetary or equitable relief as justice demands.

29. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and award:

    a. Preliminary and permanent injunctive relief as set forth above;

    b. Actual damages, including lost profits;

    c. Punitive damages;

    d. Consequential damages

    e. Attorneys' fees;

    f. And any and all other relief this Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

NATIONAL AUTOMOTIVE
PARTS ASSOCIATION


   */s/ Joseph R. Marconi*
One of Its Attorneys

Joseph R. Marconi, ARDC #01760173
Ramses Jalalpour, ARDC #6313128
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Phone: (312) 372-0770
Facsimile: (312) 372-9818
#4158096